UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UnitedHealth Group Incorporated as administrator of the UnitedHealth Group Employee Health Benefit Plan, UnitedHealth Group Employee Health Benefit Plan,

          Plaintiff,

v.

Linda Mesa and John Does 1-10,

          Defendant.

Civil File No. 07CV3952 PAM/JSM

**COMPLAINT**

---

For their Complaint, Plaintiffs UnitedHealth Group Employee Health Benefit Plan and UnitedHealth Group Incorporated as administrator of the UnitedHealth Group Employee Health Benefit Plan allege as follows:

### THE PARTIES

1. Plaintiff UnitedHealth Group Employee Health Benefit Plan (the "Plan") is a self funded employee welfare benefit plan within the meaning of Section 3(1) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1002(1). It is sponsored by UnitedHealth Group Incorporated ("UHG"), and is designed to provide UHG employees with medical benefits as further outlined in the Plan document. The Plan document is attached at Exhibit A to this Complaint.

SCANNED
SEP 12 2007
U.S. DISTRICT COURT MPLS

2. Plaintiff UHG is the administrator of the Plan within the meaning of ERISA § 402(a)(1), and as such has the right to sue on behalf of the Plan to enforce the Plan's interests and rights.

3. Defendant Linda Mesa is and was at all relevant times a participant in the Plan within the meaning of Section 3(7) of ERISA, 29 U.S.C. § 1002(7). She resides within the United States, and is therefore amenable to service of process from this district under ERISA § 502(e)(2).

4. John Does 1-10 are agents, representatives, or trustees of Mesa, currently unknown to the Plaintiffs, but who, upon information and belief, have custody and control over proceeds of the uninsured motorist settlement that she received, and that the Plan is entitled to, as further described below.

## JURISDICTION AND VENUE

5. The Plan brings this action pursuant to § 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(3)) (as well as federal common law) to obtain appropriate equitable and declaratory relief thorough the issuance of a temporary restraining order, preliminary injunction, a permanent injunction, an imposition of a constructive trust and equitable lien on property held by defendants, and the declaration of the rights of the parties.

6. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) as the Complaint concerns an action to enforce the terms of the Plan and for equitable relief as authorized by ERISA and federal common law.

7. Venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2) because the Plan is administered in this district.

## FACTS

8. Upon information and belief, on August 14, 2003, Mesa was injured in an automobile accident and incurred medical expenses as a result of the accident.

9. On or after the date of the accident, Mesa, as a participant in the Plan, made a claim for and did receive benefits under the Plan for medical expenses incurred in treating the injuries caused by the accident. To date, these benefits total $42,206.93, and may increase in the future.

10. As of the date of the accident and continuing to the present date, the Plan requires participants to reimburse the Plan for benefits it paid with sums received in settlement of an injury that caused the Plan to pay the benefits. Among other things, the Plan provides:

> The Plan has a first-priority claim for 100% of the benefits the Plan has paid, against any "amount" that you may recover [including] any recoveries, settlements or other amounts that you . . . receive or become entitled to from any third party that is or may be liable for the event that resulted in the Plan paying benefits.

See Exhibit A at p. 7.

11. Upon information and belief, Mesa recently entered into a settlement with her Uninsured Motorist Coverage carrier (the "UIM Settlement") in the amount of $90,000.

12. Because of the Plan's interest in the UIM Settlement, Mesa was asked to hold the proceeds of the UIM Settlement in trust pending the resolution of this dispute.

> [G]iven the outstanding issues over the Plan's right to reimbursement and subrogation, we wish to clarify and confirm that the Plan has a claim to the proceeds of Ms. Mesa's uninsured motorist policy . . . and that such

proceeds are to be held in trust pending the resolution of this issue. Kindly confirm in writing . . . that you and/or Ms. Mesa have placed such insurance proceeds in trust in a separate account, and that such proceeds will not be distributed or dissipated pending the resolution of this matter.

13. On August 30, 2007, Defendant Mesa (through her attorney) refused to hold the proceeds of the UIM Settlement in trust until the resolution of this dispute as requested, instead asserting that the Plan had no right to reimbursement from the UIM fund:

> This letter will serve to reiterate that UHG . . . has no right[] whatsoever to my client's first party benefits or third party benefits recovered before her employment began. Consequently, there will be no agreement to hold any funds in trust for assertion of such an invalid claim.

A true and correct copy of this correspondence is attached at Exhibit B.

## **CLAIMS FOR RELIEF**

14. ERISA § 502(a)(3) allows a Plan to sue to enforce the terms of the Plan. This includes the right to sue to recover funds that are owed to the Plan under the Plan's reimbursement clause.

15. The Plan has paid $42,206.93 in benefits to Mesa to date to cover the cost of treatment from injuries she suffered in her automobile accident, which may increase in the future.

16. Mesa's UIM carrier was liable to and did provide coverage with respect to her automobile accident, and the Plan has a right under ERISA § 502(a)(3) to recover the benefits paid on her behalf from the proceeds of the UIM Settlement.

17. By refusing to tender to the Plan the proceeds of the UIM Settlement fund sufficient to satisfy the Plan's reimbursement interest, Mesa has breached the terms of the Plan.

18. When she received the UIM Settlement, Mesa was aware of the Plan's right to reimbursement from this settlement. She refused to reimburse the Plan with the proceeds of the UIM Settlement with full knowledge of the Plan's interest and lien in the UIM Settlement fund.

19. As a result, under Section 502(a)(3) of ERISA, the Plan is entitled to a declaration of its right to ownership over the UIM Settlement funds to the extent necessary to satisfy its reimbursement rights.

20. Further, the Plan is entitled under ERISA § 502(a)(3) to the imposition of a constructive trust and equitable lien in favor of the Plan upon the UIM Settlement fund to the extent necessary to satisfy the Plan's reimbursement rights, as well as an order from the Court requiring Mesa to tender the proceeds of the UIM Settlement to the Plan in an amount sufficient to satisfy the Plan's reimbursement rights.

21. Plaintiffs are also entitled to a temporary restraining order, and preliminary and permanent injunctive relief requiring Mesa, her representatives, trustees, attorneys, and agents, and all of those acting in concert or participation with her, as well as John Does 1-10, from transferring or disposing of the UIM Settlement in any manner, or taking any action that would prejudice, frustrate, or impair the Plan's ability to recover these funds.

22. In the absent of such an order, the Plan's will suffer irreparable injury. In order to maintain an action under ERISA § 502(a)(3) to enforce its reimbursement rights, Plaintiffs must seek to recover the actual proceeds of the UIM Settlement fund, or assets traceable to those proceeds. If the funds are disbursed, such that they are no longer in Mesa's possession or otherwise identifiable or traceable, ERISA § 502(a)(3) no longer permits a remedy against defendants. Thus, if Mesa is allowed to disburse or spend the proceeds of the UIM Settlement fund, the Plan will be irreparably harmed because it will no longer be able to raise a viable claim under ERISA § 502(a)(3).

23. Because of its contractual right to the settlement proceeds, the Plan is likely to succeed on the merits of its claim.

24. A balancing of the equities favors the issuance of a temporary restraining order and preliminary and permanent injunction in favor of the Plan. The injunctive relief the Plan requests would do no more than require Mesa to hold the UHI Settlement fund in trust for the Plan pending the results of this litigation. In contrast, allowing Mesa to dissipate the UIM Settlement funds would effectively terminate the Plan's claim under ERISA § 502(a)(3).

25. Therefore, the Court should temporarily, preliminarily, and permanently enjoin Mesa, her representatives, trustees, agents, and attorneys, and all of those acting in concert or participation with her, as well as John Does 1-10, from dissipating the UIM Settlement fund, and order her to hold a sufficient amount of the settlement in trust in a separate, identifiable fund to satisfy the Plan's reimbursement interest pending the result of this case.

WHEREFORE, the Plan respectfully requests that this Court grant it the following relief:

1. An order requiring the Defendants to turn over the UIM Settlement funds to the Plan to the extent necessary to satisfy its right of reimbursement, and to execute all documents necessary to transfer the UIM Settlement funds to the Plan.

2. An order declaring that the Plan is the rightful owner of the UIM Settlement funds to the extent necessary to satisfy the Plan's right of reimbursement;

3. An order imposing a constructive trust and equitable lien in favor of the Plan over the UIM Settlement Funds;

4. A temporary restraining order and preliminary and permanent injunction enjoining Mesa, her attorneys, agents, trustees, and representatives, and all of those acting in concert or participation with her, as well as John Does 1-10, from disbursing any of the UIM Settlement funds prior to final resolution of this action, enjoining these individuals from transferring or disposing of the UIM Settlement funds in any manner that would prejudice, frustrate, or impair the Plan's ability to recover those funds, and requiring Mesa to hold an amount sufficient to satisfy the Plan's reimbursement interest in a separate, identifiable account.

5. An order awarding the Plan its reasonable attorneys' fees and costs pursuant to Section 502(g)(1), 29 U.S.C. § 1132(g)(1).

6. An order awarding prejudgment interest from the date Mesa received the UIM Settlement proceeds.

7. All other relief which the Court believes is just and proper.

Dated: September _11_, 2007

                                        DORSEY & WHITNEY LLP

                                        By /s/ Stephen P. Lucke
                                             Stephen P. Lucke (#1010403)
                                             Andrew Holly (#308171)
                                      Suite 1500, 50 South Sixth Street
                                      Minneapolis, MN 55402-1498
                                      Telephone: (612) 340-2600
                                      *Attorneys for Plaintiffs UnitedHealth*
                                      *Employee Group Health Benefit Plan and*
                                      *the UnitedHealth Group as administer of*
                                      *the United Health Group Employee Group*
                                      *Health Benefit Plan*



ANDREW HOLLY
(612) 340-8830
FAX (612) 340-8800
holly.andrew@dorsey.com

September 11, 2007

**BY MESSENGER**

U.S. Clerk of Court
Federal Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re: UnitedHealth Group as Administrator of the UnitedHealth Group Employee Health Benefit Plan et al. v. Linda Mesa and John Does 1 - 10
U.S. District Court File No: TBA

Dear Clerk:

Enclosed for filing are the original and one copy of the Complaint, Civil Cover Sheet and $350.00 filing fee. Also enclosed for filing is the Corporate Disclosure Statement. Please time and date stamp the copy of the Complaint and return it and the Summons with our messenger.

If you have any questions, please contact me. Thank you for your assistance.

Sincerely,

Andrew Holly

Enclosures

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • T 612.340.2600 • F 612.340.2868
SUITE 1500 • 50 SOUTH SIXTH STREET • MINNEAPOLIS, MINNESOTA 55402-1498
USA  CANADA  EUROPE  ASIA