UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UnitedHealth Group Incorporated as Administrator of the UnitedHealth Group Employee Health Benefit Plan, UnitedHealth Group Employee Health Benefit Plan | Civ. File No. 07-3952 (PAM/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Linda Mesa and John Does 1-10, | |
| Defendants. | |

This matter is before the Court on Plaintiff UnitedHealth Group Incorporated's ["United Health"] Motion for a Temporary Restraining Order and Defendant Linda Mesa's Motion to Dismiss or in the alternative for Change of Venue. For the reasons that follow, the Court denies the Motions.

**BACKGROUND**

Plaintiff is administrator for the UnitedHealth Group Employee Health Benefit Plan ("the plan"), which is administered in the State of Minnesota and is covered by the Employee Retirement Income Security Act of 1974 (ERISA). (Compl. ¶¶ 1, 7.) Defendant Linda Mesa is a plan participant, California resident, and UnitedHealth employee.[1] After Defendant was

---

[1] Apparently Defendant began working for Plaintiff only after the accident. (Def.'s Supp. Mem. at 2.)

injured in an August 14, 2003, traffic accident, Plaintiff paid $42,206.93 in medical benefits related to Plaintiff's care. (Compl. ¶¶ 8-9; Def.'s Supp. Mem. at 1-2.) Defendant then settled a claim against her underinsured motorist insurance carrier for $90,000. (Compl. ¶ 11; Copeland Decl. Ex. C.)

Plaintiff seeks to recoup $42,206.93 from the settlement proceeds pursuant to plan language that "the Plan has a first-priority claim for 100% of the benefits the plan has paid, against any 'amount' that you may recover . . . from any third party that is or may be liable for the event that resulted in the Plan paying benefits." (Copeland Decl. Ex. A at 7.) According to Plaintiff, Defendant refused to hold the $42,206.93 in trust pending resolution of ERISA reimbursement issues. Defendant, meanwhile, asked Plaintiff to waive any lien and cited California law that according to Defendant bars the recovery that Plaintiff seeks. (Copeland Decl. Ex. C.)

Plaintiff seeks an Order enjoining Defendant and her counsel from disposing of settlement funds pending this case's resolution, and Plaintiff further requests that the Order direct Defendant to keep the funds in a "separate, identifiable account." Defendant seeks dismissal on grounds that the Court lacks personal jurisdiction over her. In the alternative, Defendant requests that venue be transferred to the United States District Court for the Eastern District of California. In defense against Plaintiff's TRO motion, Defendant asserts Plaintiff is unlikely to succeed on the merits.

**DISCUSSION**

**A.     Jurisdiction and Venue**

Defendant asserts that she lacks minimum contacts with Minnesota or in the alternative that California provides a more suitable venue for this action. However, ERISA explicitly provides that an ERISA plan fiduciary may bring an action "in the district where the plan is administered." 29 U.S.C. § 1132(e)(2). Accordingly, the Court has jurisdiction over Defendant for purposes of the ERISA plan, and at this stage the Court lacks any basis to grant Defendant's Motion to Transfer Venue to the Eastern District of California. See Trs. of Nat'l Asbestos Workers Pension Fund & Med. Fund v. Lake Erie Insulation Co., 688 F. Supp. 1059, 1059 (D. Md. 1988) (refusing to transfer venue in light of ERISA's "special venue provision"). However, because this action was commenced only recently, it is appropriate to deny Defendant's Motion without prejudice.

**B.     Temporary Restraining Order**

In seeking its TRO, Plaintiff cites the Ninth Circuit Court of Appeals' factors for determining whether a preliminary injunction is warranted: (1) Plaintiff's likelihood of success on the merits, (2) possibility of irreparable injury if relief is not granted, (3) extent to which the balance of hardships favors the respective parties, and (4) in certain cases whether the public interest will be advanced by granting preliminary relief. Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co., 367 F.3d 1108, 1111 (9th Cir. 2004). The factors mirror those that the Eighth Circuit Court of Appeals has established in Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981).

### 1.  Possibility of Irreparable Injury

In claiming potential irreparable injury, Plaintiff states that its rights would be "severely curtailed" if Defendant were permitted "to dissipate this fund while this matter is pending." (Pl.'s Supp. Mem. at 8.)  However, Plaintiff has not explained how the alleged wrongful dissipation of funds is anything other than a claim for monetary damages, for which a TRO generally is inappropriate.  See Gelco Corp. v. Coniston Partners, 811 F.2d 414, 420 (8th Cir. 1987) (finding no irreparable harm where claim "can be remedied in a suit for money damages"); Oakland Tribune, Inc. v. Chronicle Pub. Co., 762 F.2d 1374, 1376 (9th Cir. 1985) (finding no irreparable harm where claim was for "purely monetary harm measurable in damages").  On this ground, Plaintiff's TRO Motion should be denied.  See Gelco Corp., 811 F.2d at 418 ("failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction"); Oakland Tribune, Inc., 762 F.2d at 1376 (where plaintiff has not demonstrated "significant threat of irreparable injury, . . . [court] need not decide whether [claim] is likely to succeed on the merits").

### 2.  Likelihood of Success on the Merits

Plaintiff asserts that it will succeed on the merits because it is seeking equitable relief authorized by 29 U.S.C. § 1132(a)(3)(B), which states that an ERISA plan fiduciary may bring an action to "obtain . . . appropriate equitable relief to . . . enforce . . . terms of the plan."  Plaintiff states that it asked Defendant to hold the $42,206.93 in trust consistent with the United States Supreme Court's directive in Sereboff v. Mid Atlantic Medical Services, Inc., 126 S. Ct. 1869 (2006).  In that case, the Court held that where a fiduciary seeks

recovery through a constructive trust or equitable lien on a specifically identified fund and "not from the [injured person's] assets generally," the action is equitable in nature and is authorized under ERISA. Id. at 1874.

Defendant asserts that Plaintiff's claim is "to impose personal liability" on her, and therefore does not fit within the Sereboff framework and/or is barred pursuant to the United States Supreme Court's pre-Sereboff decision in Great-West Life & Annuity Co. v. Knudson, 534 U.S. 204 (2002). (Def's Opp'n Mem. at 10.) In that case, the Court held that where an ERISA plan fiduciary seeks to impose "personal liability for the benefit[] that [it] conferred upon respondents," the action is legal in nature and therefore outside the ERISA authorization. Knudson, 534 U.S. at 214.

Here, there is no dispute that the $42,206.93 is not being held in a trust account. In correspondence predating the TRO motion, Defendant refused to hold the funds in trust based on her reading of California law regarding underinsured motorist settlement proceeds. (See Copeland Decl. Ex. C.) Instead of explaining why Defendant was wrong, Plaintiff cites district court cases in which ERISA plan fiduciaries succeeded in recovery efforts for various reasons. No case is controlling precedent or precisely on point. Some cases support Plaintiff's motion, while others signal that § 1132 recovery depends on whether the settlement proceeds are in a special needs trust or similar fund separate from the beneficiary's general assets. At this stage, Plaintiff's success on the merits is at best unclear.

### 3. Balance of Harms and Public Interest

Plaintiff maintains that a TRO would have a "negligible effect" on Defendant, but that

failure to grant a TRO would be "devastating" for the corporate Plaintiff.  Plaintiff cites no authority in support, and based on the record thus far the Court cannot discern how Plaintiff risks being "devastated" without a TRO.  As for the public interest, Plaintiff's assertion that "[t]he stability of group health plans . . . would be substantially undermined" by Defendant's refusal to hold the funds in trust is likewise unsupported.

**CONCLUSION**

Defendant has failed to establish that this court lacks personal jurisdiction over her or that at this point the action should be venued in the Eastern District of California.  Plaintiff, meanwhile, has failed to establish that a TRO is warranted.  Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion to Dismiss for lack of personal jurisdiction or in the alternative for a Change of Venue (Docket No. 12) is **DENIED without prejudice**; and

2. Plaintiff's Motion for a Temporary Restraining Order (Docket No. 8) is **DENIED**.

Dated: September 26, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge